The EASTERN CENTRAL MOTOR CAR-
RIERS ASSOCIATION, Inc., et al.,
Plaintiffs,

v.

UNITED STATES of America and In-
terstate Commerce Commission,
Defendants.

Civ. A. No. 1234–64.

United States District Court
District of Columbia.

Jan. 11, 1966.

Paul F. McArdle, Covington & Burling, Washington, D. C., Carl Helmetag, Jr., Philadelphia, Pa., for the Railroads.

Guy Postell, Atlanta, Ga., Bryce Rea, Jr., Rea, Cross & Knebel, Washington, D. C., Homer S. Carpenter, John S. Fessenden, Rice, Carpenter & Carraway, Washington, D. C., for the Motor Carriers.

William H. Orrick, Jr., Asst. Atty. Gen., John H. D. Wigger, Department of Justice, Washington, D. C., David C. Acheson, U. S. Atty., Washington, D. C., for United States of America.

Robert W. Ginnane, General Counsel, I. K. Hay, Deputy General Counsel, Betty Jo Christian, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Before FAHY, Circuit Judge, and PINE and McGARRAGHY, District Judges.

PER CURIAM.

This is a motion of plaintiffs and intervening plaintiffs to enforce the judgment of this Court entered herein on April 7, 1965. The ground for this motion is that the report and order thereafter entered by defendant, Interstate Commerce Commission, is not in compliance with the Opinion of this Court on which its judgment is predicated. No appeal was taken from this judgment, and, on remand, no additional evidence was received. Instead, the Commission has "reopened [the proceeding] for reconsideration on the present record." Thereafter, the Commission decided that the prior ruling was correct and "affirmed" its "prior findings". Stated another way, the Commission has decided that the rates and rate-determining procedure which we found to be unlawful are lawful.

The Commission's justification for this decision is apparently based solely on the language of the Court in its Opinion, 239 F.Supp. 591, vacating the Commission's prior order, reading as follows:

> * * * in absence of sufficient reasons, when the costs method is used to prove the compensativeness of re-

duced motor carrier rates, * * * full production of evidence is required for both the self-sustaining carrier and the carrier using owner-operators, in order to meet the requirements of the National Transportation Policy and Sections 216 (b), (d) and (g).

After quoting this language, the Commission then held that "[w]e believe the reasons set forth here are sufficient." We assume this means "sufficient" to overcome the previously found insufficiency. However, the reasons set forth in the second Report of the Commission are in essence the same as those set forth in its first Report, and no additional points are raised which were not before the Court either in the Report, briefs, oral arguments, or cited pertinent cases. Therefore, the Commission has not supplied additional reasons which were not before the Court at the time of its decision, but, in effect, it has simply reiterated the reasons for its prior decision, which were rejected by the Court. It might also be added that the Commission has given single-minded attention to the phrase "in absence of sufficient reasons" appearing in the Court's decision, to support its justification for not obeying the mandate of the Court, and has overlooked the full purport of its Opinion.

We, therefore, hold that the Report and Order of the Commission in Drugs and I. & S., Docket No. M-17133, Related Articles, New Jersey to Chicago, September 3, 1965, is not in compliance with the previous Opinion and Order of this Court of March 26, 1965 and April 7, 1965, respectively, sought to be enforced, and that the motion of plaintiffs now before us will be granted and the case again remanded to the Commission for proceedings consistent with the previous Opinion and Order.

Counsel will prepare appropriate Order in accordance herewith.

FAHY, Circuit Judge (concurring):

The Report and Order of the Commission of September 3, 1965 gives support to the position of my dissent from the previous Opinion and Order of this Court

of March 26, 1965, 239 F.Supp. 591, 601, and April 7, 1965, respectively; but I agree with my Brethren that the Report and Order of September 3, 1965, is not in compliance with the earlier Opinion and Order of this Court.